No. 87–6977.  NICKS v. ALABAMA.  Sup. Ct. Ala.  Certiorari
denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins,
dissenting.

I continue to believe that the death penalty is in all circum-
stances cruel and unusual punishment prohibited by the Eighth
and Fourteenth Amendments, see *Gregg* v. *Georgia*, 428 U. S.
153, 231–241 (1976) (MARSHALL, J., dissenting).  But even if I did
not hold this view, I would grant the petition for writ of certiorari
and vacate the death sentence in this case, because the sentence
was secured in flagrant violation of our decision in *Caldwell* v.
*Mississippi*, 472 U. S. 320 (1985).

In *Caldwell* we vacated a sentence of death because the pros-
ecutor "sought to minimize the jury's sense of the importance of
its role" by stressing to the jury that its verdict would be subject
to appellate review.  *Id.*, at 325.  The prosecutor told the jury
during the sentencing phase that "your decision is not the final de-

cision. . . . Your job is reviewable." *Ibid.* We held that "it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Id.*, at 328–329.

Petitioner's sentence of death cannot be squared with our decision in *Caldwell.* The prosecutor in this case made the following argument to the jury at the penalty phase of petitioner's trial:

> "The opinion, which you will come to a conclusion when you go back and deliberate—Let me say this, it will be only an advisory opinion. The law provides for you to present this to the Court for their consideration. The ultimate decisions *[sic]* rests with Judge Reynolds. He will be the one to take whatever ruling that you send out and decide whether it will be life without parole or death by electrocution in the electric chair." Pet. for Cert. 3.

This argument, perhaps even more baldly than the statements in *Caldwell,* sought to minimize the jury's sense of its awesome responsibility to determine whether petitioner would live or die by encouraging the jury to view its verdict as merely "advisory." This shifting of the jury's sense of responsibility to another decisionmaker, as we explained at length in *Caldwell,* undermines the reliability of the jury's decision and conditions the jury to return the death penalty. See 472 U. S., at 330–333.

That the prosecutor in this case told the jury that the trial judge would make the ultimate decision, whereas the prosecutor in *Caldwell* identified the appellate court as the ultimate decisionmaker, is a distinction without a difference. *Caldwell* makes plain that a death penalty cannot stand where the jury is led to believe that the defendant's life rests in some other hands. The constitutional infirmity here is thus no different from that in *Caldwell,* and the sentence of death no less intolerable. I therefore would grant the petition and reverse the judgment of the Supreme Court of Alabama to the extent it sustains the imposition of the death penalty.